# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY MALDONADO | Case No. 1:11-cv-02164-AWI-JLT (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | (Doc. 1). |
| JAMES YATES, et al., | |
| Defendants. | |

Plaintiff Billy Ray Maldonado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. On December 30, 2011, Plaintiff filed his original complaint (Doc. 1) against Warden James Yates, the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison ("PSVP"), G. Noel, F. Douthat, and L. Harton (collectively "Defendants"). For the reasons explained below, Plaintiff's complaint is dismissed for failure to state a claim for which relief may be granted.

**I.    Screening Requirement**

Because Plaintiff is seeking redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. Legal Standards

### A. Pleading Standards

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.''" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id.

Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court should set conclusory factual allegations aside, accept all non-conclusory factual allegations as true, and determine whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

### B. 42 U.S.C. § 1983

Title 42, § 1983 of the United States Code provides a cause of action against

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .

42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). It does not provide any substantive rights, but rather "authorizes a cause of action based on the deprivation of civil rights guaranteed by other Acts of Congress." Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979).

A plaintiff stating a claim under § 1983 must allege facts showing he was deprived of a federal right by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). For a defendant to be liable under § 1983, a plaintiff must prove there is an affirmative link between the alleged deprivation and the resulting injury. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). An affirmative link exists when a defendant "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under § 1983, Plaintiff is required to show that (1) each defendant acted color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Humphrey v. Yates, 2009 U.S. Dist. LEXIS 100252, 8-9 (E.D. Cal. Oct. 27, 2009) (citing Long, 442 F.3d at 1185).

However, "[s]tate agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir.2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)).

Additionally, under the eleventh amendment, agencies of the state are immune from

private damage actions. *See* Christopher v. California Dept. of Corrections and Rehabilitation (E.D. Cal., May 4, 2012) 2012 WL 1583539 (citing Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir.1996) finding Defendant California Department of Corrections and Rehabilitation is a state agency and entitled to Eleventh Amendment immunity from suit); *see also* Johnson v. California Dept. of Correction and Rehabilitation (E.D. Cal., Aug. 7, 2009) 2009 WL 2425073 (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir.1999) (finding the same).

### III.     Plaintiff's Factual Allegations and Contentions

Plaintiff alleges on July 31, 2010, PVSP Correctional Officer Jorden tried to require Plantiff to show him his lower bunk chrono. (Doc. 1 at 3). Plaintiff contends that he was not required to show the chrono. Id. In any event, Plaintiff seems to assert that the lower bunk chrono was for Plaintiff's cellmate, not for Plaintiff but the wrong name was placed on the chrono due to a clerical error. Id. Plaintiff alleges that shortly thereafter, Correctional Officer Jorden separated Plaintiff from his regular cellmate (who Plaintiff "was at peace with") and moved Plaintiff to a cell with a younger, black, bisexual inmate, named Carter, who outweighed him by 300 pounds. (Doc. 1 at 3).

Plaintiff's Complaint alleges that prior to his cell transfer, his new cellmate had refused to allow another inmate with a cane to use the bottom bunk. (Id.) The inmate with the cane was then placed in Plaintiff's old cell. Despite knowledge of these facts, Plaintiff alleges C.O. Jorden had no logical reason for moving Plaintiff and only did so because Plaintiff had previously filed a grievance against C.O. Jorden and another correctional officer, C.O. Garza. (Id.) Plaintiff further alleges that C.O. Jorden purposefully placed Plaintiff with the new cellmate so that Plaintiff would be assaulted. (Id.)

Plaintiff alleges that he wrote a request to Dr. "Jacoubs-Brye" to get him out of his new cell because his cellmate had threatened to "slash his throat." (Id.) In August, Plaintiff contends he informed Correctional Officer Cole of "what [he] was going through." (Id.) Plaintiff contends that neither the doctor nor C.O. Cole ever spoke with him to discuss his safety concerns. (Id. at 3-4). Additionally, Plaintiff contends that an unnamed sergeant told Plaintiff that he needed to

throw away his grievances. (Id. at 5).

It is unclear whether Plaintiff's new cellmate actually harmed him or whether Plaintiff was merely fearful that the new cellmate might harm him based upon threats the new cellmate made. Plaintiff alleges that C.O. Jorden and Cole allowed him to "get beat down" presumably by his new cellmate, but Plaintiff does not provide the circumstances surrounding any alleged "beat down" nor does he explain whether getting "beat down" means that he was emotionally abused or whether he is was involved in a physical fight and, if the latter, he fails to describe any specific physical injuries the cellmate inflicted upon him. Plaintiff merely states that as a senior citizen, "he does not need to be assaulted or much less threat[ened] by an inmate." (Doc. 1 at 4). Plaintiff claims that the cell change has caused him stress, lost appetite, inability to sleep, as well as posttraumatic stress, cerebral palsy, schizophrenia, bipolar disorder, suicidal tendencies, and dyslexia. (Id. at 3, 5). Plaintiff seeks monetary damages for his alleged injuries. (Id. at 7).

### IV. Discussion

#### A. Plaintiff's Eighth Amendment Claim - Failure to Protect

Plaintiff alleges that Defendants failed to protect him. (Doc. 1). The Eighth Amendment requires that prison officials take reasonable measures for the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). To establish that prison officials have failed to take such measures, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective requirement. See Thomas v. Sheppard-Brooks (E.D. Cal., Sept. 6, 2011) 2011 WL 3917943 report and recommendation adopted, (E.D. Cal., Sept. 27, 2011, 1:06-CV-01332 LJO) 2011 WL 4499572. First, the prisoner must demonstrate that he was, in objective terms, "incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Id. Prison officials must have been aware of facts from which the inference could have been drawn that a substantial risk of serious harm exists to the inmate, and the prison officials must have also drawn the inference. Id. at 837.

##### 1. Objective Requirement

5

Plaintiff does not state sufficient facts to meet the objective requirements needed to proceed with his failure to protect claim. Plaintiff alleges that inmate Carter is black, bisexual, and weighs 300 pounds, but does not state any facts to demonstrate why such characteristics pose a serious risk of harm to Plaintiff. In fact, it is not clear from Plaintiff's complaint that he was ever actually harmed by his new cellmate. While Plaintiff alleges that he suffers from stress, loss of appetite, inability to sleep, posttraumatic stress, cerebral palsy, schizophrenia, bipolar disorder, suicidal tendencies, and dyslexia, it is not clear whether such conditions were actually caused by the events alleged in Plaintiff's Complaint or are merely longstanding injuries Plaintiff has endured throughout his lifetime. Even if the Court assumed that Plaintiff's complaints of anxiety, sleeplessness, posttraumatic stress and loss of appetite resulted from actions by inmate Carter, the discussion below demonstrates that Plaintiff has failed to state facts to meet the subjective requirements needed to maintain an Eighth Amendment claim for failure to protect.

### 2. Subjective Requirement

In order to determine whether Plaintiff has satisfied the subjective requirement, the Court must evaluate whether defendants were actually aware that Plaintiff faced a substantial risk of harm when he was transferred to his new cell with inmate Carter. Plaintiff has named Warden Yates, G. Noel, F. Douthat, and L. Harton as individual defendants, but has not asserted any factual allegations against them. As for C.O. Jorden, who is not named as a defendant, Plaintiff merely alleges that he transferred Plaintiff to another cell against Plaintiff's wishes. Such facts do not show that C.O. Jorden knew Plaintiff faced a substantial risk of harm from his new cellmate. Additionally, Plaintiff's complaints to C.O. Cole (who is not named as a defendant) about "what [Plaintiff] was going through" are too vague to conclude that C.O. Cole knew Plaintiff faced a substantial risk of harm and failed to deliberately disregarded a substantial risk of harm to Plaintiff. Plaintiff also alleges that he wrote a letter to Dr. Jacoubs-Brye in "Mental Health" to inform him of the threats made by inmate Carter, but did not receive a response from the doctor. (Doc. 1 at 3). Given that the doctor is not a named defendant and there are no facts to demonstrate that the doctor actually received Plaintiff's letter, Plaintiff has not set forth facts against the doctor to satisfy the subjective requirement. Based upon the facts currently pled in

Plaintiff's Complaint, Plaintiff fails to state sufficient facts to support a cognizable claim under the Eighth Amendment for failure to protect against any named defendant or any defendant mentioned in the Complaint.

### B. Plaintiff's Retaliation Claims

In Count I, Plaintiff alleges that C.O. Jorden forced him to transfer cells in retaliation for filing a grievance against C.O. Jorden and C.O. Garza. (Doc. 1 at 3). In Count II, Plaintiff generically alleges that the CDCR have retaliated against him numerous times for "filing on two C.O.'s for sexual harassment" and that Warden Yates "did not care" that correctional officers at PVSP were retaliating against Plaintiff for filing incident reports. (Doc. 1 at 5).

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); *see also* Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *see* Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Rhodes regarding elements of retaliation in prison context).

Although Plaintiff acknowledges that an inmate with a cane needed his lower bunk, he asserts C.O. Jorden had no logical reason to transfer him. (Doc. 1 at 3). Plaintiff's allegations of retaliation by C.O. Jorden, while somewhat sparse, may support a claim for retaliation against C.O. Jorden under the First Amendment. However, Plaintiff has not named C.O. Jorden as a defendant in this matter. Plaintiff fails to allege any facts to establish a Retaliation claim against any other defendant or correctional officer mentioned in Count I of the Complaint.

Additionally, Plaintiff's claims of retaliation in Count II mention C.O. Amado, Ramirez, and Otto, but does not name them as defendants to this matter. In any event, Plaintiff fails to state sufficient facts to support a retaliation claim against them. Plaintiff does not identify the date

1  upon which these events occurred, which officers allegedly retaliated against him, and what harm
2  Plaintiff suffered as a result.  In fact, the Court is unable to determine whether the retaliation
3  events described in Count II relate to Plaintiff's cell transfer or a separate incident altogether.  As
4  a result Plaintiff's allegations in Count II are too vague and general to support a retaliation claim
5  against any particular defendant. (Doc. 1 at 5).  Plaintiff is advised that under Rule 18(a), he may
6  not file unrelated claims against multiple defendants in a single complaint.   "[M]ultiple claims
7  against a single party are fine, but Claim A against Defendant 1 should not be joined with
8  unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### C. Plaintiff's Claims Against the California Department of Corrections and Rehabilitation

Plaintiff has named the California Department of Corrections and Rehabilitation ("CDCR") as a defendant in this matter. (Doc. 1). However, as set forth above, "[s]tate agencies ... are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." Maldonado v. Harris, 370 F.3d 945, 951 (9th Cir.2004) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). Because the CDCR is a state agency, it is therefore not a person" under § 1983. *See* Christman v. Micheletti, 302 F. App'x 742, 743 (9th Cir.2008) ("The district court properly dismissed [the plaintiff's] claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983."); *see also* Coleman v. Cal. Dep't of Corr. & Rehab., 2009 WL 648987, at *3 (C.D.Cal. Mar.10, 2009) (concluding that the California Department of Correction and Rehabilitation was not a "person" subject to suit under § 1983).

Additionally, under the Eleventh Amendment, agencies of the state, like the CDCR, here, are immune from private damage actions. Dittman, 191 F.3d at 1025. Thus, the Eleventh Amendment bars the § 1983 claims asserted by Plaintiff against the CDCR. *See* Brown, 554 F.3d at 752 (concluding that the district court correctly held that the CDCR was entitled to Eleventh Amendment immunity.")

### V.    Leave to Amend

The Court will grant Plaintiff an opportunity to amend the complaint to address the above deficiencies. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), his amended pleading must be brief but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is advised that he may not change the nature of this suit by adding new, unrelated claims to his amended complaint. See George, 507 F.3d at 607 (no "buckshot" complaints). Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility. Twombly, 550 U.S. at 555-56 (2007) (citations omitted). Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff should be aware that an amended complaint supersedes any prior complaints. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior pleading." Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### VI.    Conclusion

In accordance with the above, **IT IS HEREBY ORDERED**:

1. Within 30 days from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

///
///
///
///
///
///

2. If Plaintiff fails to comply with this order, the Court will recommend the matter be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **July 11, 2012**                               **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE