UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE SHANTNEE MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et. al,<br><br>    Defendants. | Case No.: 1:11-cv-02164 AWI JLT (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 11) |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint filed on August 10, 2011. (Doc. 11) As is required, the Court now screens the complaint and for the reasons set forth below, the Court **ORDERS** the matter be **DISMISSED** with leave to amend.

**I.    Screening Requirement**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

///

///

1

## II. PLEADING STANDARDS

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

**III. § 1983 Claims**

Section 1983 of title 42 of the United States Code does not confer substantive rights; but instead provides "a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994).  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State… subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  In order to state a claim pursuant to § 1983, a plaintiff must allege facts that support that (1) he was deprived of a right afforded to him by federal law, and (2) the deprivation was committed by someone acting under color of state law. West v. Atkins, 487 U.S. 42, 48-49 (1988); Williams v. Gorton, 529 F.2d 668, 670 (9th Cir. 1976).  Additionally, a plaintiff is required to allege a specific injury suffered, as well as show a causal relationship between the defendant's conduct and the injury suffered by the plaintiff. *See* Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made"). Section 1983 does not recognize respondeat superior liability. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Accordingly, a supervisor may not be held liable merely because a subordinate the plaintiff's constitutional. Id. "A supervisor is only liable for constitutional violations of his subordinates if the

supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Lastly, similar to any other complaint, conclusory allegations that lack supporting facts are insufficient to state a claim under § 1983. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

**IV. Plaintiff's Complaint**

Plaintiff complains that on July 3, 2010, Correctional Officer Jordan came to his cell and told him he was being moved. (Doc. 11 at 4)  Plaintiff had been sharing a cell with another inmate with whom he got along well. Id.  Thus, both Plaintiff and the cellmate refused the move. Id. Nevertheless, Jordan required Plaintiff to move to another cell and, in retaliation for Plaintiff's refusal to move, Jordan placed Plaintiff in a cell with a black inmate. Id.  Plaintiff was afraid of his new cellmate, apparently, based upon the man's skin color. Id.

Plaintiff alleges on another occasion, he reported to prison officials he was suicidal. (Doc. 11 at 5)  Thus, he was escorted to the medical facility for evaluation where he was forced to wait for an extended period before being seen by a psychiatrist. Id.  After this evaluation, the psychiatrist determined that Plaintiff was not eligible for placement in a suicide cell. Id.  During the escort back to the cell (apparently, the cell he shared with the black inmate) the correctional officers "talked shit" to him after which, he was required to return to the cell with the black inmate. Id.

Finally, Plaintiff complains that Defendants failed to follow state law. (Doc. 11 at 6)  It appears that Plaintiff is complaining that CDC policies indicate he should not be placed in a cell with an inmate of a different race and that he should be placed only with a cellmate of his same approximate age. Id.

**V.    Discussion**

    **A.    Plaintiff may not sue a state agency in this Court**

The Eleventh Amendment provides immunity to any State in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.  Therefore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit

4

1  against the official's office."). Therefore, the complaint against the California Department of
2  Corrections is **DISMISSED.**

3    **B.**  **Failure to link any Defendant to any alleged constitutional violation**

4    To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either
5  exhibited some sort of "direct personal participation in the deprivation" or "set[] in motion a series of
6  acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict
7  the constitutional injury." Johnson, 588 F. 2d at 743-744. There must be an actual causal link
8  between the actions of the named defendants and the alleged constitutional deprivation. See Monell v.
9  Dep't of Soc. Services, 436 U.S. 658, 691-92 (1978); Rizzo, 423 U.S. at 370-71; May v. Enomoto,
10 633 F.2d 164, 167 (9th Cir. 1980). The complaint must specifically allege how each named defendant
11 is liable for the claimed deprivation.

12   Here, Plaintiff names the Warden and three Appeals Coordinators. (Doc. 11 at 1-2) However,
13 he fails to describe any unconstitutional action taken by any Defendant. (Doc. 11) Plaintiff does not
14 present any facts–and, in fact, does not even contend–that the Warden had any personal role in the
15 failure to accommodate his cell-housing preferences, that he condoned it or, even, was aware of it.
16 Thus, Plaintiff has not stated a claim against Defendant Yates and the complaint must be
17 D**ISMISSED**.

18   Moreover, though the Appeals Coordinators likely became aware that Plaintiff was being
19 housed with a cellmate that was not to his liking, the fact that they processed his appeals in a way that
20 was not favorable to Plaintiff, does not state a constitutional violation. It is well-established that
21 "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez
22 v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir.
23 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the
24 prison official does not deprive the inmate of any constitutional right. See, e.g., Wright v. Shannon,
25 No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's
26 allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim);
27 Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17,
28 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to

state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Moreover, a plaintiff cannot hold prison officials liable merely for involvement in a prison appeals process. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Thus, Plaintiff has not stated a claim against Defendants Noel, Douthat or Hartod and the complaint must be **DISMISSED**.

### C. Failure to Protect

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

Here, Plaintiff complains that he was fearful of his black cellmate but he fails to state any facts—other than his objection to the man's skin color—that this inmate posed him any risk of harm. There are no facts alleged that the inmate threatened Plaintiff or that any incident occurred which justified Plaintiff's fear. The fact that Plaintiff preferred housing with a different inmate, one of a different race or one of a different age, does not state a constitutional violation when prison officials failed to accommodate this preference. Moreover, there are no facts alleged that any Defendant was aware of any objective risk of harm. Thus, Plaintiff has not stated a claim against any Defendant and the complaint must be **DISMISSED**.

### D. The failure to follow state regulation does not give rise to a constitutional violation

Plaintiff complains that state law dictated that he not be housed with an inmate of a different race or one who is a different age group. Though Plaintiff does not identify the state regulation which

provides this restriction, he is advised there is no private right of action under the California Code of Regulations or under the operating procedures maintained at the prison. See e.g. Gonzaga University v. Doe, 536 U.S. 273, 283–86, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); Parra v. Hernandez, 2009 WL 3818376 at *8 (S.D.Cal. Nov.13, 2009); Davis v. Kissinger, 2009 WL 256574 at *12 n. 4 (E.D.Cal. Feb.3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

Likewise, generally, the California Penal Code fails to provide a source of substantive rights which may be vindicated in a civil action. See, e.g., Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir.1999) (affirming trial court's order dismissing claims based upon violations of California Penal Code sections because they did not given rise to a private right of action); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (noting that 18 U.S.C. §§ 241, 242 provide no private right of action and cannot form basis for civil suit); Parra v. Hernandez, 2009 WL 3818376, at *7 (S.D.Cal.2009) (dismissing a prisoner's state law claim brought under a provision of the California Penal Code imposing criminal penalties on persons for lack of a private right of action). Therefore, Plaintiff fails to state a claim upon which relief may be granted based on the alleged violations of California statutes and regulations.

Finally, § 1983 does not provide a cause of action for violations of state law. See Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir.2001); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir.1996); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir.), cert. denied, 454 U.S. 857 (1981). See also Draper v. Coombs, 792 F.2d 915, 921 (9th Cir.1986); Weilburg v. Shapiro, 488 F.3d 1202, 1207 (9th Cir.2007). Accordingly, the complaint must be **DISMISSED**.

VI.  **Leave to Amend**

Though the Court has serious doubts whether Plaintiff can state a cognizable claim, the Court will provide Plaintiff a final opportunity to amend his pleading to cure the deficiencies noted in this order. *See* Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). In his first amended complaint,

7

1    **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will
2    result in a recommendation that his action be dismissed.**  Plaintiff is further advised that, if he
3    chooses to amend his complaint, he should carefully consider amending only those claims that can be
4    cured by amendment and not include those claims that are clearly barred.

5    Plaintiff's first amended complaint, including any exhibits attached thereto, **SHALL NOT**
6    exceed 20 pages. Plaintiff must provide a **short, plain statement** that gives the defendant fair notice
7    of what the Plaintiff's claim is and the facts upon which his claim rests. Swierkiewicz v. Sorema N.
8    A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  This means that
9    Plaintiff must **briefly** describe who the Defendant is, what the Defendant did, when the Defendant did
10   this and how the Defendant's actions violated Plaintiff's rights. Each Defendant is only liable for the
11   injuries that his/her own actions cause so the complaint must set forth the actions of each defendant,
12   assuming Plaintiff intends to sue more than one person.  Plaintiff is advised that **he need not cite legal
13   authorities or attach exhibits to his complaint.**

14   In addition, Plaintiff is cautioned that in his first amended complaint, he may not change the
15   nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith,
16   507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Plaintiff is also advised that once he
17   files his first amended complaint, his original pleadings are superceded and no longer serve any
18   function in the case.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, the first amended
19   complaint must be "complete in itself without reference to the prior or superceded pleading."  Local
20   Rule 220.  "All causes of action alleged in an original complaint which are not [re-]alleged in an
21   amended complaint are waived."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations
22   omitted).

23   **VII.   CONCLUSION**

24   Accordingly, it is **HEREBY ORDERED** that:

25   1.   Plaintiff's first amended complaint is (Doc. 11) is **DISMISSED with leave to amend**;
26   2.   Plaintiff is granted 21 days from the date of service of this order to file a second
27        amended complaint that addresses the deficiencies set forth in this order. The second

28

8

amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";

3. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

4. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **March 5, 2013**                             **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE