UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAE MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>YATES, et al.<br><br>    Defendants. | Case No.: 1:11-cv-02164 - JLT (PC)<br><br>FINDINGS AND RECOMMENDATIONS OF DISMISSAL WITHOUT LEAVE TO AMEND<br><br>(Doc. 11) |

Plaintiff Billy Ray Maldonado ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 14). Plaintiff submitted his original complaint on December 30, 2011, which was dismissed with leave to amend on July 11, 2012. (Docs. 1, 9). Plaintiff timely filed his first amended complaint, which was against dismissed with leave to amend on March 5, 2013. (Docs. 11, 13). Plaintiff timely filed his second amended complaint, which the Court now screens pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, Plaintiff fails to state a cognizable claim. Therefore, the Court **RECOMMENDS dismissal of this matter without leave to amend.**

**I.   SCREENING REQUIREMENT**

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the

1

irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING STANDARDS

### A. Federal Rule of Civil Procedure 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (*quoting* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 1950.

## III. THE COMPLAINT

At all times relevant to the complaint, Plaintiff was a prisoner at Pleasant Valley State Prison ("PVSP") located in Coalinga, CA. (Doc. 14 at 3). Plaintiff seeks monetary damages in his complaint

against Defendants Beatrice, Jordan, and Cole, all correctional officers at PVSP, and against Defendant Dr. Wilson, a psychologist at PVSP.[1] Id.

Plaintiff is sixty years old and has been suicidal since the age of two. Id. at 3-4. He continues to struggle with unnamed emotional or mental disabilities. ID. Accordingly, Dr. Wilson accordingly has treated Plaintiff for his emotional or mental difficulties. Id. Plaintiff suggests that the Court should review his medical file because Dr. Wilson was not thorough in his course of psychological treatment. Id. at 3.

On July 3, 2010, inmate Carter informed Defendant Jordan that he would fight anyone that was placed in his cell. Id. at 3. On an undisclosed date, Plaintiff was selected for placement in Carter's cell. Id. As Plaintiff was entering the cell, inmate Carter told Plaintiff that if he entered the cell then Carter would fight Plaintiff. Id. Plaintiff did not believe he would be able to sleep. Id. Officer Jordan placed Plaintiff in his cell because he enjoyed seeing inmates engage in altercations. Id.

On July 5, 2010, during a prison lockdown, it appears that Plaintiff was taken from the shower and placed in "cage correctional." Id. Unnamed correctional officers taunted Plaintiff and informed him that he would not receive medical assistance. Id. Defendant Beatrice also taunted Plaintiff for Plaintiff's self-mutilation. Id. at 4. At that time, Defendant Beatrice and discussed Plaintiff's cell preferences. Id.[2]

On July 6, 2010, Plaintiff informed Defendant Cole that he needed to leave the cell because of inmate Carter. Id. at 4. Defendant Cole said he would look into the matter, but never responded to Plaintiff. Id. Inmate Carter was never moved to administrative segregation and Plaintiff believes his placement with inmate Carter is due to his criminal charges. Id. at 4. Plaintiff believes that he should have remained with his prior cellmate. Id. at 4.

///

---

[1] It is noted that Plaintiff names all new defendants in his second amended complaint. In his original and first amended complaint, Plaintiff named James Yates, the California Department of Corrections and Rehabilitation, G. Noel, F. Douthat, and L. Harton as defendants. (Docs. 1 and 11).

[2] The language of the complaint is unclear as to the exact context of Plaintiff's conversation with Defendant Beatrice. Specifically, Plaintiff states, "Defendant could place me in A1 Building because there [was an] open cell[,] which he did not. He told me when the lockdown is off [sic] you go looking for a cell [,] still leaving me in a vulnerable situation for safety concerns." (Doc. 14 at 4).

3

## II. DISCUSSION AND ANALYSIS

### A. Plaintiff's "buckshot" claim against Dr. Wilson fails to indicate that Plaintiff sustained a constitutional deprivation.

#### i. 42 U.S.C. § 1983 requires a plaintiff to demonstrate a cognizable injury.

The Court has repeatedly advised Plaintiff that in order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); (Docs. 9 at 2-4, 13 at 3). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

It is recognized that 42 U.S.C. § 1983 provides a remedy for violations of the Eighth Amendment caused by inadequate medical care. *See* Estelle v. Gamble, 429 U.S. 97 (1976). However, an Eighth Amendment analysis is unnecessary because Plaintiff provides nothing more than a bare conclusion that Dr. Wilson was not thorough in treating him. Id. Plaintiff provides no facts to indicate that Dr. Wilson engaged in *any* constitutional violation that injured Plaintiff.

#### ii. Fed. R. Civ. P. 18(a) does not permit "buckshot complaints."

Fed. R. Civ. P. 18(a) permits a plaintiff to join as many claims as he has against a single party. However, "[u]nrelated claims against different defendants belong in different suits " Smith v. Anti, Case No. 2:07-CV-1675-GEBGGHP, 2008 WL 5178911 * 1 (E.D. Cal. 2008)(*quoting* George v. Smith, et al., 507 F.3d 605, 607 (7th Cir. 2007). A "buckshot complaint" occurs where a plaintiff files unrelated claims against different defendants in the same suit. *See* Smith, 2008 WL at 1. "Buckshot complaints" violate Fed. R. Civ. P. 18(a).

Despite the continuous admonition that Plaintiff may not file a "buckshot complaint," (Docs. 9 at 9, 13 at 8), Plaintiff has added a new, unrelated claim against his psychologist, Dr. Wilson, in his second amended complaint. The complaint of Dr. Wilson's incomplete psychiatric care is wholly

unrelated to Plaintiff's housing placement with inmate Carter, who was the subject of Plaintiff's original and first amended complaints. *Compare* (Docs. 1 and 11) *with* (Doc. 14 at 3-4). Thus, Plaintiff's complaint against Dr. Wilson is a "buckshot complaint" that violates Fed. R. Civ. P. 18(a). Moreover, Plaintiff's complaint fails to demonstrate any unconstitutional action taken by Dr.Wilson and, at most, seems to merely describe disagreement with Dr. Wilson's course of treatment.

Accordingly, the Court finds that Plaintiff fails to state a claim against Dr. Wilson and **RECOMMENDS** that the claim be **DISMISSED** without prejudice. **Plaintiff must demonstrate an underlying constitutional deprivation to state a cognizable Eighth Amendment claim of failure to protect.**

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). Not every injury caused by one inmate to another is actionable under the Eighth Amendment. Farmer, 511 U.S. at 833. To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Id. at 834. This requires the prisoner to satisfy both an objective and a subjective component. First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)). Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. Prison officials must have known of and disregarded an excessive risk to the prisoner's safety. Id. at 837.

    i.  Plaintiff does not allege an objective constitutional deprivation.

Plaintiff fails to allege that Defendants Cole, Beatrice or Jordan caused any "sufficiently serious" constitutional deprivation. A showing of a "sufficiently serious" deprivation requires Plaintiff to demonstrate that he was denied 'the minimal civilized measures of life's necessities." Anderson v. De La Cruz, Case No. 1:10-CV-02123-LJO, 2011 WL 2551708 * 2 (E.D. Cal. 2011)(*quoting* Farmer, 511 U.S. at 834). Although Plaintiff indicates that he feared being assaulted by inmate Carter, his fear was speculative. For example, Plaintiff avers that he feared being unable to sleep, but never indicates that he *actually* suffered any sleep deprivation.

Plaintiff has had three opportunities to demonstrate he suffered a "sufficiently serious" constitutional deprivation, but has failed to do so in all three of his complaints. *Compare* (Doc. 1) *with* (Doc. 11) *with* (Doc. 14). It appears beyond a doubt that the Plaintiff cannot demonstrate a cognizable injury suffered by his placement with inmate Carter. Therefore, the Court **RECOMMENDS** that Plaintiff's claims against Defendants Jordan, Beatrice, and Cole be **DISMISSED without leave to amend.**

ii. <u>There is no indication that Defendants were subjectively aware of any substantial risk to Plaintiff</u>.

Assuming *arguendo* that Plaintiff had shown an objective deprivation, Plaintiff fails to indicate that Defendants Jordan, Beatrice or Cole possessed a culpable state of mind. According to the second amended complaint, inmate Carter told Defendant Jordan that he would fight any inmate placed in his cell. (Doc. 14 at 3). Plaintiff avers that Defendant Jordan caused problems, and therefore, Defendant Jordan purposely placed Plaintiff in a cell with inmate Carter. Plaintiff's generalized statement concerning Defendant Jordan is insufficient to demonstrate that Defendant Jordan was trying to "cause a problem" by specifically placing with inmate Carter. Furthermore, Plaintiff does not provide any facts to demonstrate that Defendant Jordan was actually responsible for Plaintiff's cell placement on July 3, 2010.

As to Defendant Beatrice, it appears he and Plaintiff conversed about Plaintiff's living quarters. (Doc. 14 at 4). No facts indicate that Defendant Beatrice knew about the alleged threat that inmate Carter made. Furthermore, Plaintiff does not indicate that Defendant Beatrice was responsible for Plaintiff's cell placement.

As to Defendant Cole, Plaintiff told Defendant Cole on July 6, 2010, that he had to leave his cell that day because of inmate Carter, without more. (Doc. 14 at 4). At best, Defendant Cole knew Plaintiff was dissatisfied with his housing, but nothing supports the proposition that Defendant Cole knew *why* Plaintiff wanted to distance himself from inmate Carter. Without further facts, it cannot be assumed that Defendant Cole knew of and disregarded a serious risk to Plaintiff's safety. Thus, Plaintiff fails to state a cognizable claim against Defendants Jordan, Beatrice, and Cole. Therefore, the Magistrate Judge **RECOMMENDS** that this matter be **DISMISSED without leave to amend.**

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is hereby **RECOMMENDED** that:

1. The claim against Defendant Beatrice for failure to protect in violation of the Eighth Amendment be **DISMISSED WITHOUT LEAVE TO AMEND;**

2. The claim against Defendant Jordan for failure to protect in violation of the Eighth Amendment be **DISMISSED WITHOUT LEAVE TO AMEND;**

3. The claim against Defendant Cole for failure to protect in violation of the Eighth Amendment be **DISMISSED WITHOUT LEAVE TO AMEND;**

4. The claim against Defendant Dr. Wilson for failure to provide adequate medical care in violation of the Eighth Amendment be **DISMISSED WITHOUT PREJUDICE,** but without leave to amend in the present matter, as it fails to comply with Fed. R. Civ. P. 18(a); and

5. The Clerk of the Court be directed to close this matter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 25, 2013**                    **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE