UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BILLY RAE MALDONADO, | Case No. 1:11-cv-02164-AWI-JLT (PC) |
|---|---|
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATIONS AS A MOTION TO RECONSIDER THE JUDGMENT |
| v. | |
| JAMES YATES, et al., | |
| Defendants. | (Doc. 18) |
| | ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE JUDGMENT |
| | (Doc. 18). |

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2013, the Magistrate Judge issued Findings and Recommendations of dismissal without leave to amend for failure to state a claim. (Doc. 15). Pursuant to Local Rule 304, the Magistrate Judge granted Plaintiff 14 days in which to file his objection to the Findings and Recommendations. Id. at 7. Plaintiff failed to respond. The Court subsequently adopted the Findings and Recommendations in full, and the matter was closed on May 17, 2013. (Doc. 16 and 17).

      However, on June 5, 2013, Plaintiff filed a document entitled "Objections to the Magistrate Judge's Finding and Recommendations" ("Objections"). (Doc. 18). Plaintiff reports

1   that he placed his "Objections" in Pleasant Valley State Prison's institutional mail depository on
2   May 6, 2013, in order to meet the Court's deadline. Id. at 3.  However, the document was
3   returned to him as undeliverable on May 22, 2013. Id.  Plaintiff apparently resubmitted the
4   document to the Court on the day that he was notified of the mailing error. Id. at 5.

5   As a final judgment was entered on this matter on May 17, 2013, the Court construes
6   Plaintiff's present motion as a motion to reconsider.  To the extent that Plaintiff seeks relief
7   pursuant to Federal Rule of Civil Procedure 60(b), such relief is not warranted in this case.
8   Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any
9   reason that justifies relief.  However, Rule 60(b)(6) "is to be used sparingly as an equitable
10  remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances
11  . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and
12  citation omitted).  Accordingly, "reconsideration should not be granted, absent highly unusual
13  circumstances, unless the district court is presented with newly discovered evidence, committed
14  clear error, or if there is an intervening change in the controlling law" and it "may *not* be used to
15  raise arguments or present evidence for the first time when they could reasonably have been
16  raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571
17  F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  *See also* Local
18  Rule 230(j) (requiring the party seeking reconsideration to demonstrate, among other things, what
19  new or different facts or circumstances are claimed to exist which did not exist at the time of the
20  prior motion).

21  Plaintiff's "Objections" merely reiterate his second amended complaint, namely that he
22  should not have been moved from his original cell and that Dr. Wilson did not understand his
23  mental health file. (Doc. 18 at 2).  While Plaintiff disagrees with the Magistrate Judge's
24  conclusion that he failed to state a claim, mere disagreement does not warrant reopening the
25  matter. Since Plaintiff presented no "newly discovered" evidence on the pertinent issues, nor has
26  he demonstrated "extraordinary circumstances," or cited to any "intervening change" in
27  controlling law, Plaintiff is not entitled to a reconsideration of the judgment. *See* Harvest v.
28  Castro, 531 F.3d at 749; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d at

1  880.

2  It should also be noted that had Plaintiff submitted his Objections in the time prescribed
3  by the Court, his submission would not have modified the Court's adoption of the Findings and
4  Recommendations in full.  As noted above, Plaintiff presents no further arguments beyond than
5  those raised in his second amended complaint.  Thus, reopening the matter would be futile.

6  Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's June 5, 2013, motion for
7  reconsideration (Doc. 18) is **DENIED**.

IT IS SO ORDERED.

Dated:   June 19, 2013

SENIOR DISTRICT JUDGE